http://www.va.gov/vetapp16/Files5/1641921.txt

Citation Nr: 1641921 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 10-22 569A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, Pennsylvania

THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD).

REPRESENTATION

Appellant represented by: Shana Dunn, Attorney

ATTORNEY FOR THE BOARD

B. Berry, Counsel

INTRODUCTION

The Veteran served on active duty from October 1975 to November 1977.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an administrative decision dated in May 2009 by the Department of Veterans Affairs (VA) Regional Office (RO) in Pittsburgh, Pennsylvania.

The Board remanded this issue to the RO in December 2014 for further development. As discussed in detail below, there has not been substantial compliance with the remand directives and the Board may not proceed with a decision at this time. See Stegall v. West, 11 Vet. App. 268 (1998).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

The Board remanded the claim in December 2014 in part to obtain a VA examination and medical opinion. The remand directives specifically requested that the examiner should consider the Veteran's private treatment records from Rush Presbyterian-St. Luke's Medical Center. The examiner documented in the relevant mental health history that the medical records indicate that the Veteran first sought mental health treatment in 2000. Furthermore, as part of her rationale in support of her medical opinion the examiner explained that the medical records indicate that the Veteran first sought mental health care in 2000. However, the medical evidence of record shows that the Veteran sought mental health treatment as early as January 1985 at the Rush Presbyterian-St. Luke's Medical Center where there was an assessment of rule out bipolar disorder and rule out schizotypal personality disorder. Thus, the VA examination report indicates that the examiner did not consider the Veteran's private treatment records at the Rush Presbyterian-St. Luke's Medical Center as requested by the Board. It also appears that the examiner did not consider the Veteran's lay statements of the onset of his psychiatric symptoms and continuity of symptoms since active military service. Lastly, the examiner was asked to evaluate whether the Veteran had a mental disorder under the DSM-IV diagnostic criteria. The examiner only evaluated the Veteran under the DSM 5 diagnostic criteria. As the Veteran's claim was certified to the Board prior to August 2014, the Veteran's claimed psychiatric disorders should be determined using the DSM-IV criteria. See 80 Fed. Reg. 14308-53 (Mar. 19, 2015). In light of the foregoing, the Veteran must be afforded another VA examination and medical opinion. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (holding that a remand by the Board confers upon the Veteran, as a matter of law, the right to compliance with its remand instructions), but see also D'Aries v. Peake, 22 Vet. App. 97, 105 (2008) (holding that only "substantial" rather than strict or exact compliance with the Board's remand directives is required under Stegall); accord Dyment v. West, 13 Vet. App. 141, 146-47 (1999).

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran and elicit from him the appropriate information and consent to obtain any outstanding VA and/or private treatment records with respect to his claim on appeal. After securing the appropriate consent from the Veteran, VA should attempt to obtain any such treatment records that have not been previously associated with the Veteran's electronic VA claims file.

All attempts to procure records should be documented in the file. If records identified by the Veteran cannot be obtained, a notation to that effect should be inserted in the file.

2. After completing the above development and any outstanding evidence has been associated with the electronic claims file, schedule the Veteran with an appropriate VA examination conducted by a psychologist or psychiatrist in order to determine the current nature and etiology of his claimed acquired psychiatric disorder(s). The claims file must be made available to the examiner for review, including a copy of this remand, and the examination report should reflect that such review was completed in conjunction with the examination. Any indicated evaluations, studies, and tests should be conducted.

The examiner should identify all of the Veteran's acquired psychiatric disorders that meet the American Psychiatric Association: Diagnostic and Statistical Manual of Mental Disorders (4th ed. 1994) (DSM-IV) criteria. The examiner should consider and discuss the January 2015 private treatment record reflecting diagnoses of depression, generalized anxiety, and PTSD.

(a) The examiner should specifically indicate whether the Veteran meets the diagnostic criteria for PTSD and whether such diagnosis is the result of an in-service sexual trauma. The examiner should consider the Veteran's reports of (i) an unknown person sticking a few fingers up his anus, while he was lying on an emergency room table and receiving treatment for his profusely bleeding hand (which he had injured by putting it through a plate glass window after a picnic), (ii) "harassment from giant afro-americans", and (iii) rooming with a drug user. See February 2004, November 2005, and April 2014 statements. 

The examiner should document any behavior changes that may constitute credible evidence of the stressor, to include a request for a transfer to another military duty assignment; deterioration in work performance, substance abuse, episodes of depression, panic attacks, or anxiety without an identifiable cause; or unexplained economic or social behavior changes. 

(b) For each currently diagnosed acquired psychiatric disorder other than PTSD, the examiner should offer an opinion as to whether it is at least as likely as not (i.e., a fifty percent or greater probability) that any such disorder had its onset during service or is otherwise related to the Veteran's active military service. 

In offering any opinion, the examiner must consider the full record, to include the Veteran's lay statements regarding the incurrence of his claimed acquired psychiatric disorder and the continuity of symptomatology. The examiner should consider the service treatment records, private medical records (including those from Rush Presbyterian-St. Luke's Medical Center and Resurrection Health Care/St. Francis Hospital), VA medical records, and any other relevant records. 

An explanation for EACH opinion should be provided. As part of his or her explanation, the examiner must address and discuss the Veteran's lay statements of the onset of his symptoms of his psychiatric disorder(s) in service and the private treatment records dated in 1985 (received by the RO in October 1985). 

3. Upon completion of the foregoing, readjudicate the Veteran's claim on appeal, based on a review of the entire evidentiary record. If the benefit sought on appeal remains denied, provide the Veteran and his attorney with a supplemental statement of the case and the opportunity to respond thereto. Thereafter, subject to current appellate procedure, the case should be returned to the Board for further consideration, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
THOMAS J. DANNAHER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).